WILLIS WOOD *et al.*, plaintiffs in error, *vs.* A. B. ROSS *et al.*, defendants in error.

1. Where, in the trial below, the claim of certain claimants to property was predicated upon their right as grand-children of the decedent, and there were several witnesses examined upon the issue, and the evidence supports the verdict of the jury, and no rule of law was violated in submitting the case, and the Judge below refused a new trial, this Court will not interfere to set it aside.

2. When a motion for a new trial, upon the ground of newly discovered evidence, was overruled by the Court, and the evidence does not accompany the motion, and the character of the evidence, as suggested by the movant, is cumulative, it is not error in the Court to refuse a new trial.

New trial. Cumulative evidence. Before Judge COLE. Bibb Superior Court. December Term, 1870.

Wood *et al. vs.* Ross *et al.*

Joe Gorman, a negro, died intestate, and Ross became his administrator. He had brothers and a sister, who claimed to be his heirs-at-law. This was denied by others, who claimed to his heirs, because they were his grand-children. Ross filed a bill to have them interpleaded and settle their rights. The mother of these children was known, but whether Joe's son begat them was the question in dispute. The mother was a slave at their birth, and the evidence of their paternity was conflicting. The jury found that they were his grand-children. A new trial was moved for, upon the ground that the verdict was contrary to law, etc., and because of certain newly discovered evidence. The newly discovered evidence was, that their mother always said they were the children of Joe's son, and of her intimacy with him. But there was no affidavit by the witnesses that they would testify the facts stated. Besides, the movants said they had discovered that a bribe was offered to one of the adversary's witnesses. This was positively denied by the party charged with the bribery. The Court below refused a new trial, and that is assigned as error.

NESBITS & JACKSON; M. B. GUERRY, for plaintiffs in error.

WEEMS & COWLES; T. J. SIMMONS; A. O. BACON, for defendants, cited 40th Georgia Reports, 659; 37th, 464; Revised Code, section 3665; 1st Greenleaf's Evidence, section 2; 10th Georgia Reports, 511; 39th, 706.

LOCHRANE, Chief Justice.

This case falls within a large class it would be valueless to discuss in the detail of merits and conflict of testimony. The claimants in this case put in evidence their being the grand-children of the decedent, whose property was the subject-matter of dispute; the other side introduced several witnesses to the contrary. But the verdict of the jury in

favor of the claimants was fully supported by evidence, and the law was fairly submitted to the jury by the Court, and upon a motion for a new trial the presiding Judge refused to grant the motion. And upon the settled adjudications of this Court, we will not interfere with his judgment in the premises. The ground of newly discovered evidence, overruled by the Court in refusing the motion for a new trial, presents nothing upon which this Court can interfere, as the evidence does not accompany the motion, and if we were to take it by the general presentation of its character, it would be cumulative merely, and not a good ground for a new trial.

Judgment affirmed.